## MARSH and Another *v.* SHERMAN.

APPEAL from the *Marshall* Circuit Court.

*Per Curiam.*—Complaint by the appellee against the appellants, to set aside a sheriff's sale and conveyance of real estate. Trial by the Court; finding and judgment for plaintiff below.

The facts, so far as is necessary to state them in order to an understanding of the point on which the case turns, are as follows: In *January,* 1854, *Marsh* and *Stephenson* took a judgment by confession against *Pomeroy* and *Brother,* in the *Marshall* Court of Common Pleas, for the sum of 1,072 dollars, 4 cents, on which *Levi C. Barbour* became replevin bail. After *Barbour* became replevin bail, he sold and conveyed to the plaintiff the property in controversy, and it was afterwards levied upon and sold to satisfy an execution issued upon the judgment, and purchased by *Marsh,* one of the judgment plaintiffs.

Several objections are urged against the validity of the confessed judgment and sale under it; but we shall only notice one, as that is decisive, being the want of jurisdiction in the Common Pleas to render judgment in such case.

The Circuit Courts have exclusive, original jurisdiction in all cases of "one thousand dollars or upwards;" and in

the case of *Shaw* v. *Gallagher*, 8 Ind. R. 252, it was held that such exclusive jurisdiction in the Circuit Courts extended to confessed judgments as well as others.

The Court of Common Pleas not having jurisdiction of the subject-matter in point of amount, the judgment was a nullity, and no title was acquired by the purchaser upon the sale under it. The execution was void on its face, showing that it was issued upon a judgment rendered by a Court having no jurisdiction to render such judgment, and was notice to all the world, and especially to the execution-plaintiffs, of its invalidity. *Vide Armstrong* v. *Jackson*, 1 Blackf. 210.

It follows that the judgment of the Court below is right, and must be affirmed.

The judgment is affirmed with costs.

*C. H. Reeve*, for the appellants.

*A. G. Deavitt*, for the appellee.