No. 11,113.

## FERRIER v. DEUTCHMAN.

SHERIFF'S SALE.— *Void Judgment.*—Where a judgment is void all proceedings thereunder, including a sale, are also void.

SAME.—*Sale Made Under Several Judgments, Some Valid and Some Void.*—A sale made under several judgments, some of which are void and the others valid and regular, is nevertheless void.

JUDGMENT.—*Costs.—Criminal Law.—Jurisdiction. —Dismissal of Appeal.*—A judgment for costs rendered against the defendant in a criminal prosecution, upon dismissal by a court having no criminal jurisdiction, is void.

From the Clark Circuit Court.

*M. C. Hester*, for appellant.

*D. C. Anthony* and *J. K. Marsh*, for appellee.

ZOLLARS, C. J.—Appellant brought this action to recover from appellee the real estate in controversy. He claims to be the owner, and entitled to the possession of the real estate, by virtue of a sheriff's deed based upon a sheriff's sale. Whether he has such right and title is dependent in the first place upon the validity or invalidity of the judgments under which the sale was made. If the judgments were void, all subsequent proceedings, including the sale under them, were also void. *Marsh* v. *Sherman*, 12 Ind. 358; Rorer Judicial Sales, sections 608, 879, 880, 910, 913, 927, 934.

The sheriff's sale was made under judgments for costs in four different cases. Three of them were criminal cases. If the judgment in one of the criminal cases was void all were void, as they were all alike. An examination of one of those cases, therefore, will be sufficient.

Appellant proposed to prove the existence and validity of those judgments by introducing in evidence the files and order-book entries of the common pleas court of Clark county. The files in one of the cases, so offered, as the record here presents them, are as follows:

Ferrier v. Deutchman.

"STATE OF INDIANA   } Complaint for retailing liquor
        v.             }      without license.
"MARTIN DEUTCHMAN. }

"August 5th, 1870, this cause came before me on a change of venue from James Wilson, a justice of the peace of Charleston township, and a transcript of the proceedings before said justice, and the papers in said cause were filed before me, and the trial of said cause set for the sixth inst., at 9 o'clock A. M.

"August 6th, 1870. Come now the parties and the defendant pleads not guilty to said complaint, and on hearing the evidence, I find the defendant guilty as charged in said complaint, and assess his fine at ten dollars. It is, therefore, considered that the defendant make his fine to the State of Indiana in the sum of ten dollars, and pay the costs of this prosecution, and stand committed until said fine and costs are paid or replevied.        JOEL M. SMITH, J. P.

"August 8th, 1870, the defendant took an appeal to the criminal circuit court and filed his recognizance with John C. Wagner surety, which is approved, and appeal granted. Transcript and papers filed in court August 8th, 1870.

"August 20th, 1870, the defendant also took an appeal to the Clark Common Pleas Court.

"STATE OF INDIANA, CLARK COUNTY.

"I certify that the above and foregoing is a full, true and complete transcript of the proceedings and judgment in the foregoing entitled cause, as found on my docket now legally in my possession.

"Witness my hand and seal this 6th day of September, 1870.        JOEL M. SMITH, J. P.  [SEAL]

"Costs $7.65."

The entry in the cause upon the order-book of the common pleas court of Clark county is as follows:

"STATE OF INDIANA   }
        v.             }
"MARTIN DEUTCHMAN. }

"Comes now Robert J. Shaw, Esq., who prosecutes the

pleas of the State in this behalf, and moves the court to dismiss this cause, for the reason that this court has no jurisdiction thereof, and this cause is dismissed.   It is further considered by the court that the plaintiff recover of the defendant all costs in and about this court expended."

The court below ruled out the above "files and entries," and appellant excepted, and assigned the ruling as a cause for a new trial.

It very clearly appears from the offered evidence, as it did not appear upon the former appeals (*Ferrier* v. *Deutchman*, 51 Ind. 21, *Ferrier* v. *Deutchman*, 81 Ind. 390), that three of the judgments under which the sale was made by the sheriff were in criminal cases.

How those cases came to be docketed in the common pleas court is not shown by the record, except by the entry of the justice of the peace.   It is shown by his entries that after appellee had been convicted by him, he took appeals to the criminal court, and that those appeals were perfected by the filing of bonds or recognizances, and the transmission and filing of the papers in the criminal court.   There is a further entry that, subsequent to the perfecting of the appeals to the criminal court, appellee "took appeals to the common pleas court," but it is not recited that he filed additional appeal bonds or recognizances, or that the papers were transmitted to, and filed in, the common pleas court; indeed, it is apparent that the papers in the cases could not have been so transmitted and filed, for the reason that they had already been transmitted to, and filed in, the criminal court.   The cases, however, seem to have been docketed in the common pleas court, and it is not material for the purposes of this decision whether or not proper transcripts and papers were filed in that court.

Prior to 1869 the common pleas court had jurisdiction in cases of misdemeanors.   Before the appeals were taken, a criminal court had been established in Clark county, and had exclusive jurisdiction in all criminal prosecutions in the

county, both original and on appeal from justices' courts. After the establishment of the criminal court the common pleas court had no criminal jurisdiction either original or on appeal from justices' courts. That seems to have been understood by the judge of that court and by the prosecuting attorney, and, hence, the motion by the prosecuting attorney and the orders of the court dismissing the causes.

For some reason, not apparent, the judge went further, and rendered judgments in favor of the State and against appellee for the costs made in that court. Were those judgments void? We think they were. In the first place, the common pleas court had no jurisdiction to render a judgment of any kind in criminal causes. It could no more render a judgment for costs against a defendant than it could render a judgment of conviction. It was the duty of that court, upon finding criminal causes upon its dockets, to dismiss them if brought there originally, or to dismiss the appeals if brought there by appeals, and thus clear its dockets of causes over which it had no jurisdiction.

The rendition of judgments for costs in favor of the State and against appellee was the exercise of jurisdiction, and jurisdiction the court did not have. Counsel for appellant cite *Dixon* v. *Hill*, 8 Ind. 147, and *Dyer* v. *Board, etc.,* 84 Ind. 542. Those were civil cases, and are neither conclusive nor authority here. In one case the common pleas court had jurisdiction to proceed until the title to real estate came in question, and, of course, up to that point had authority to tax costs. In the other case the circuit court had general jurisdiction of the subject-matter. The infirmity was in the proceedings in the particular case. But here, as we have said, the common pleas court did not have, and could not by any act of the parties be clothed with jurisdiction of the subject-matter. And, in the second place, the statute then in force provided that in all criminal causes where the person accused should be acquitted no costs should be taxed against him. 1 G. & H., p. 338, section 25.

Upon the motion of the prosecuting attorney the court dismissed the causes. If we assume that the court had authority to dismiss the causes, and take the orders of the court literally, they amounted to an acquittal; on the other hand, if the orders be interpreted as dismissals of the appeals, they were equivalent to acquittals so far as that court was concerned. In either case the court had no authority to adjudge costs against the defendant.

This is not a case of irregularities in the proceedings. Here the judgments were rendered by a court without jurisdiction over the subject-matter, and in violation of a statute. It is not a case of voidable judgments, but a case of void judgments, the infirmities being apparent upon the face of the record. The judgments being void, all subsequent proceedings based upon them were also void.

This conclusion renders it unnecessary for us to examine the fourth judgment for costs, and the proceedings under it, upon which appellant, in part, bases his claim of title.

Writs upon that judgment, and upon the three judgments for costs in the criminal cases, were issued to the sheriff. He levied them at the same time upon appellee's real estate, and sold it upon all of them.

The three writs were void, because the judgments upon which they were issued were void. The sale by the sheriff was, therefore, under our decision, void, even conceding that the other judgment and all proceedings under it were regular and valid. *Brown* v. *McKay*, 16 Ind. 484; *Hutchens* v. *Doe,* 3 Ind. 528.

The sale being void for the reasons above stated, the judgment could not have been otherwise than for appellee, although the other judgment and the proceedings under it were, so far as they were concerned, regular and valid. It is, therefore, immaterial whether the court below ruled correctly or erroneously in excluding anything pertaining to or based upon that other judgment.

Judgment affirmed with costs.

ELLIOTT, J., did not participate in the decision of this cause.

Filed June 22, 1887.