Rosina Falk *et al.* v. Ferd. Heim Brewing Company.

No. 13,144.   ( 72 Pac. 531.)

SYLLABUS BY THE COURT.

Judicial Sale—*Effect of Reversal of Judgment.*  Where a sheriff's sale of real estate is made under a special execution based upon two judgments rendered in the same action, brought to foreclose first and second mortgages on such real estate, the fact that the judgment on the inferior mortgage is afterward reversed does not affect the validity of the sale, even where the judgment plaintiff is the purchaser.

Error from Wyandotte district court ; E. L. Fischer, judge.   Opinion filed May 9, 1903.   Affirmed.

*W. S. Carroll,* for plaintiffs in error.

*Moore & Berger,* for defendant in error.

The opinion of the court was delivered by

Mason, J. : The Ferd. Heim Brewing Company sued Charles Hahn and Rosina and Reinhart Falk on two notes, each secured by a mortgage on the same real estate.   One mortgage, for $1000, was executed by Hahn alone while he owned the property ; the other, for $800, by Hahn and the two Falks after the transfer of the property to them.   Judgment was rendered on both notes and for the sale of the property

under both mortgages. The Falks, by proceedings in error directed solely against the judgment on the second note and mortgage, obtained its reversal on December 4, 1900. (*Falk v. Brewing Co.*, 10 Kan. App. 248, 62 Pac. 716.) A stay bond was given on October 26, 1899, but the property had already been sold on August 26, 1899, under a special execution based upon both judgments, and bid in by plaintiff at the aggregate amount due on them. This sale was afterward confirmed, and a sheriff's deed was made on September 12, 1901. On October 8, 1901, a writ of assistance was asked against the Falks, they being in possession of the property, and on March 2, 1902, such writ was granted. The Falks now seek the reversal of the order granting the writ of assistance, upon the ground that the sale depends for its validity upon both judgments, and one of them having been reversed, the sale as between the parties is void.

To sustain their contention, plaintiffs in error cite *Ferrier v. Deutchman*, 111 Ind. 330, 12 N. E. 497 ; *Brown v. McKay*, 16 id. 484, and *Hutchens v. Doe*, 3 id. 528. These cases hold that where a sale of real estate is made upon several executions, one of them being based upon a judgment which is void or which is afterward reversed, the sale is invalid. Assuming the correctness of these decisions, a distinction might well be made in the case at bar because of the fact that the lien of the judgment attacked was inferior to that of the other judgment, the validity of which was conceded. But the doctrine of the cases cited is recognized as exceptional. (Herm. Ex. § 207, and cases cited.)

Under the circumstances of this case, we see no reason for holding that the judgment defendants were entitled to have the sale set aside, much less ignored.

Even if the supersedeas bond had been given before the sale, the property could have been sold under the superior judgment, thereby cutting off all rights of defendants in the matter excepting the right to redeem under the statute by paying the amount of a first lien, and the right to receive the proceeds of the sale in excess of that amount. These are the only rights that defendants lost or that were suspended by the erroneous judgment against them, and a complete restoration to these rights did not require the setting aside of the sale, but resulted from the mere reversal of the judgment. The fact that they have not been exercised does not affect the matter. The district court correctly held that plaintiffs were entitled to be placed in possession of the property.

The judgment is affirmed.

All the Justices concurring.