(May 28, 1921.)

CRAWFORD MOORE, Trustee, Plaintiff and Respondent, v. BOISE LAND AND ORCHARD COMPANY, a Corporation, et al., Defendants and Respondents, and M. F. DEAN, Intervenor and Appellant.

[198 Pac. 753.]

PLEADING AND PRACTICE—RESTITUTION.

> The remedy of restitution requires restoration of property which one has lost, on account of the execution of an erroneous judgment, by the party who has obtained it.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Proceeding for restitution by judgment creditor against purchaser at execution sale. Judgment reversed, with direction to dismiss.

S. T. Schreiber, for Intervenor and Appellant.

A party obtaining through a judgment before reversal any advantage or benefit must restore what he got to the other party, after the reversal. (*Reynolds v. Hosmer,* 45 Cal. 616, 628; *Reynolds v. Harris,* 14 Cal. 667, 681, 76 Am. Dec. 459; *Cowdery v. London etc. Bank,* 139 Cal. 298, 96 Am. St. 115, 73 Pac. 196.) "Upon the reversal of a judgment, a sale to the plaintiff of the defendant's property

for the satisfaction of the judgment, in whole or in part, will be set aside." (*Barnhart v. Edwards,* 128 Cal. 572, 576, 61 Pac. 176.)

Moore, trustee, assumed the risk of the ultimate reversal of any or all of the judgments by the supreme court. (*Twogood v. Franklin,* 27 Iowa, 239.)

The sale price may be recovered back by the judgment debtor after the judgment has been reversed on appeal. (*State Nat. Bank v. Ladd* (Okl.), 162 Pac. 684; *Gay v. Smith,* 36 N. H. 435, 436.)

"If the plaintiff in execution or his attorney is the purchaser, the reversal of the judgment puts an end to his title." (*Stroud v. Casey,* 25 Tex. 740, 78 Am. Dec. 556; *Peticolas v. Carpenter,* 53 Tex. 23, 29; *Singly v. Warren,* 18 Wash. 434, 63 Am. St. 896, 51 Pac. 1066; *Marks v. Cowles,* 61 Ala. 299.)

A judgment creditor who purchases at his own sale is chargeable with notice of all irregularities and he is not a *bona fide* purchaser. (*Boos v. Morgan,* 130 Ind. 305, 30 Am. St. 237, 30 N. E. 141.)

Ira E. Barber and Edwin Snow, for Respondent.

The liability is only for what plaintiff received on the execution. Restitution can be compelled only to the extent that the parties have profited by the judgment. (*Gott v. Powell,* 41 Mo. 416, 417; *Colburn v. Yantis,* 176 Mo. 670, 75 S. W. 653; *Brown v. Curtiss,* 155 Mo. App. 376, 137 S. W. 24; *Peck v. McLean,* 36 Minn. 228, 1 Am. St. 665, 30 N. W. 759.)

Where the plaintiff becomes the purchaser at a sale and the judgment is subsequently reversed, the only restitution which the court will compel is restitution of the estate in the land which was lost by reason of the erroneous judgment and sale. (*Hays v. Cassell,* 70 Ill. 669; *Major v. Collins,* 17 Ill. App. 239; *Falk v. Ferdheim Brewing Co.,* 67 Kan. 131, 72 Pac. 531.)

"The defendant is, in the absence of express statute provisions, entitled to recover from plaintiff only so much as the latter has received from the execution sale, and is neither entitled to recover the value of the property nor damages." (*Kennedy v. Duncklee*, 1 Gray (Mass.), 65; *Peck v. McLean*, 36 Minn. 228, 1 Am. St. 665, 30 N. W. 759; *Robertson v. Miller*, 3 N. Bruns. Eq. 78; *Bryant v. Fairfield*, 51 Me. 149.)

Any judgment for more than the plaintiff received is erroneous and will not be sustained. (*Dowdell v. Carpy*, 137 Cal. 333, 70 Pac. 167.)

In view of the fact that Moore received only a contingent estate in trust, that is all which intervenor can recover. (*Hess v. Deppen*, 125 Ky. 424, 15 Ann. Cas. 670, 101 S. W. 362; *Reynolds v. Harris*, 14 Cal. 667, 668, 76 Am. Dec. 459; *Ft. Madison Lumber Co. v. Batavian Bank*, 77 Iowa, 393, 42 N. W. 331; *Munson v. Plummer*, 58 Iowa, 736, 13 N. W. 71; *Yndart v. Den*, 125 Cal. 85, 57 Pac. 761.)

It is discretionary with the court to refuse restitution, and this particularly where the subject matter of the dispute is still a matter of contention and subject to adjudication. (*Cowdery v. London etc. Bank, Ltd.*, 139 Cal. 298, 96 Am. St. 115, 73 Pac. 196; *Taylor v. Ellenberger*, 6 Cal. Unrep. 725, 65 Pac. 832.)

Intervenor is not entitled to relief as prayed, because he is only entitled to that which he has lost by reason of the judgment below. (*Ward v. Sherman*, 155 Cal. 287, 100 Pac. 864; *Barnhart v. Edwards* (Cal.), 57 Pac. 1004; *Gott v. Powell, supra.*)

RICE, C. J.—This is the second appearance of this case in this court. The opinion upon the former hearing is reported in 31 Ida. 390, 173 Pac. 117, where the facts are stated. Pending the appeal, the property concerned in the litigation was sold at sheriff's sale pursuant to the judgment. After the *remittitur* was filed, Dean presented his petition to the district court asking for restitution by Crawford Moore, purchaser at the execution sale, of the amount

of the purchase price of said premises represented by the judgment of McReynolds, which this court had adjudged not to be a lien upon the property. At the hearing, it was shown that the land was bid in by Moore at the sale for the aggregate amount of his own liens and that of Rayburn, and the judgment of McReynolds, pursuant to a written agreement by which on redemption of the property, or, if not redeemed, upon the sale thereof, the judgment lien should be discharged out of the proceeds in the order of their several priorities as set forth in the decree of the trial court. Moore did not pay the amount of his bid to the sheriff in cash, but in lieu of payment there was credited against his bid the amount of his liens and that of Rayburn, and the amount of the judgment of McReynolds. By its judgment in this proceeding, the court decreed "that he, the said M. F. Dean, be and he hereby is substituted to all rights and privileges which W. D. McReynolds could or might have had under and by virtue of the sale of the premises in this cause at the sheriff's sale," and decreed that the right to which he was substituted gave him a lien upon the premises subject to those of Moore and Rayburn. It further decreed that upon the sale of said premises, Dean should be entitled to participate in the proceeds thereof to the amount of his judgment, subject to the payment of the prior liens of Moore and Rayburn.

C. S., sec. 7171 provides: "When the judgment or order is reversed or modified the appellate court may make complete restitution of all property and rights lost by the erroneous judgment or order, so far as the restitution is consistent with the protection of a purchaser of property at a sale ordered by the judgment, or had under process issued upon the judgment on the appeal from which the proceedings were not stayed; . . . . "

Appellant lost no right by the erroneous judgment, except the right to redeem under the statute by paying the amount of the prior liens, exclusive of the McReynolds judgment erroneously declared to be a prior lien, and the right

to receive the proceeds of the sale in excess of such prior liens. Appellant did not seek to set aside the sale, and' he would not have been entitled to such relief had he sought it. (*Barnhart v. Edwards,* 128 Cal. 572, 61 Pac. 176. See, also, *Falk v. Ferdheim Brewing Co.,* 67 Kan. 131, 72 Pac. 531.)

The remedy of restitution requires restoration of property which one has lost, on account of the execution of an erroneous judgment, by the party who has obtained it. This having been an execution sale, it was necessarily for cash, and the relationship of the parties is the same as if Moore had paid the amount of his bid to the sheriff and the sheriff had distributed the proceeds of the sale in accordance with the directions of the judgment.

Moore received nothing from the transaction that he was not entitled to receive. If his lien had been declared invalid and he had received credit therefor, he would have received a credit to which he was not entitled and would have been liable to appellant Dean therefor to the extent of Dean's judgment. (*Yndart v. Den,* 125 Cal. 85, 57 Pac. 761; *Patton v. Thomson,* 3 Cal. Unrep. 871, 33 Pac. 97. See, also, *Haebler v. Myers,* 132 N. Y. 363, 28 Am. St. 589, 30 N. E. 963, 15 L. R. A. 588.)

Dean was not a party to the contract, pursuant to which the property was bid in by Moore, and cannot be required to become a party thereto, or to accept a substitution to McReynolds' interest in the property.

The judgment, therefore, should not be affirmed, but should be reversed, with direction to dismiss the proceeding. It is so ordered. No costs awarded.

Budge and Lee, JJ., concur in the conclusion reached.

McCarthy, J., sat at the hearing but took no part in the opinion.

DUNN, J., Dissenting.—I am unable to agree with the conclusion reached by the majority of the court. On the

trial of the main case the court decreed the sale of the northwest quarter of the southwest quarter of section 33, township 4 north, range one east of the Boise Meridian, and the application of the proceeds thereof, after the payment of the costs and expenses of sale, to the payment of certain liens as follows: First, the liens of Crawford Moore, trustee, the plaintiff in said action; second, the lien of B. E. Rayburn; third, the lien of W. D. McReynolds; fourth, the lien of M. F. Dean, appellant herein; and the residue, if any, to Dean Perkins, as receiver of the Wyoming Land and Holding Company. Dean appealed from this judgment but gave no stay bond. Pursuant to the decree said property was sold by the sheriff to the plaintiff Crawford Moore, Trustee, for the sum of $15,816.21, said sum being the total amount of the liens held by Moore, Rayburn and McReynolds, together with the costs in said action and the expenses of said sale. Said costs and expenses were paid in cash to the sheriff, but the remainder of said purchase price was discharged by the application thereto of the several amounts due on the said liens of Moore, Rayburn and McReynolds.

On the hearing of the appeal in this court said decree was affirmed so far as it affected the claims of Moore and Rayburn, but was reversed as to the McReynolds claim. Thereupon Dean filed in the district court his petition asking for restitution by Crawford Moore of the amount of the purchase price of said property represented by the lien of McReynolds, the said McReynolds' lien having been adjudged by this court invalid.

Moore and McReynolds were cited by the district court to show cause why an order of the court should not be made directing them to make restitution in full of said amount, being $998.67, together with costs and interest from September 4, 1915. Moore appeared and answered said petition, but the proceedings were dismissed by the petitioner as to McReynolds. The substance of Moore's answer was a denial that he or Rayburn or McReynolds had received

any proceeds of said sale, or that the lands were sold for cash, or that any moneys were paid on the purchase price, save and except the costs of sale, or that the reversal of the judgment of the trial court left any sum to be applied to the judgment of Dean, or that Moore, as trustee, or at all, is the owner of said lands, or that he retains any proceeds of any sale thereof, or that he retains the proceeds of the McReynolds judgment or any part thereof, or that he withholds any part thereof from the petitioner. As a defense he set up that said land was bid in at the sale for the aggregate amount of his own liens and those of Rayburn and McReynolds under an arrangement by which, on redemption of the property, or on realization therefrom, the said judgment liens should be discharged out of the proceeds in the order of their several priorities as declared by the decree of the trial court, and that except for such arrangement and agreement the said purchase would not have been made or entered into, nor would said amount or any amount in excess of the sum of the liens of said Moore and costs of the sale have been bid at such sale; that the two liens awarded to Moore, as trustee, were based on two mortgage deeds pledged as collateral by one W. H. Gibberd, by reason of which the said Moore holds the said property in trust for the said Gibberd; that by reason of the foregoing pledge the said lands became a pledge to the said Crawford Moore, as trustee, for the sum of said two deeds, costs, and interest; that the said B. E. Rayburn and the said W. D. McReynolds were entitled, after the payment of said mortgage liens, to share in the order of their priority and to the extent of their judgments in the proceeds of such lien property and that the said Gibberd would be entitled to the residue, if any. That the estate acquired by the said McReynolds was a contingent one, being subject to the paramount rights of said Moore and the said Rayburn and entitling the said McReynolds to an accounting of rents and issues, less taxes, assessments, costs and expenses incurred in the conduct of the said lands; that the said Moore received nothing at said sale

by reason of the McReynolds judgment; and that the sole fruits of said sale so far as McReynolds was concerned was a contingent estate in said land, as to which estate the said Moore disclaimed any interest. That by reason of the decision of the supreme court the said Dean was entitled to be subrogated to the said contingent estate of the said McReynolds, and was a proper and necessary party to an action to foreclose the said pledge as against the said Gibberd. That such action was then pending in said court and that petitioner was a party thereto, and that therein petitioner could fully protect and procure all his rights under said judgment so far as they related to said land and property, or said or any conduct of the purchasers of the said property.

After hearing the testimony offered by the respective parties the court made and filed its findings of fact and conclusions of law and thereupon entered a judgment awarding Dean a lien on the above-described property, subject to the prior liens of Moore and Rayburn, and providing that upon sale of said premises the residue, if any, after discharging the liens of Moore and Rayburn, should be paid to Dean up to the amount of the balance due him, with interest from the fifteenth day of March 1915, but said judgment made no award to Dean of the money asked by him, nor of any part thereof.

Dean has appealed from said judgment and assigns four errors as follows: "First, that the decision, order and judgment of the court is contrary to the law and the evidence; second, that the court erred in admitting certain evidence over objection of petitioner, and erred in admitting exhibit 1 of plaintiff in evidence; third, that the court erred in overruling the motion of petitioner, intervenor, to strike the 'answer-and-return,' of plaintiff, Crawford Moore, trustee, from the files; and fourth, that the court erred in admitting evidence in support of the 'answer-and-return,' of Crawford Moore, trustee."

It will not be necessary to deal with these assignments separately. Exhibit 1 referred to in appellant's second assignment is a contract that was entered into by Moore, Rayburn and McReynolds prior to the sale of said property by which it was agreed in substance that Moore should buy said property at the sheriff's sale and should bid therefor the aggregate amount of the liens of Moore, Rayburn and McReynolds, together with the costs and expenses of sale to the amount of $15,816.21, and should thereafter hold said property as trustee and handle it to the best advantage and upon sale thereof or redemption thereof pay out the proceeds, first, to Moore for his liens and judgments including all costs, taxes or expenditures by him made on account of said premises which were entitled to become charges or liens thereon or which might be expended thereon by mutual agreement of the parties under said contract; second, to B. E. Rayburn to the amount of his judgment and lien; and third, to W. D. McReynolds to the amount of his judgment and lien, it being the intention of said "agreement to expressly provide that the said liens and judgments shall be recovered from sale of the premises or redemption thereof in case of a purchase by plaintiff in the order of their priorities as determined by the court."

No question is raised by either party on this appeal as to the validity of the sale of said property. While considerable attention has been paid in appellant's brief to the subject of setting aside said sale, the prayer of his petition is that Crawford Moore, trustee, may be required to pay to appellant the amount of the McReynolds claim, namely, $998.67, with interest and costs, and the only question presented to this court is whether or not Dean is entitled to recover said amount from Moore.

The contention of Moore is that the rights of Dean are fully satisfied by having his lien moved up to the place formerly occupied by that of McReynolds, but this consideration is entirely beside the question whether or not Dean is entitled to recover the amount of the McReynolds lien on

account of .Moore's bid having covered said lien. Moore was clearly within his rights when he proceeded to have the land sold pursuant to the court's decree, but when he proceeded thus without waiting for Dean's appeal to be determined, he assumed the risk of the appellate court's holding invalid one or all of the lien claims that he applied to the purchase price of this property. The contract made by Moore, Rayburn and McReynolds was one that they had a right to make, but in making it they could not limit the rights of Dean as a lien claimant. Moore says that without this arrangement made by himself, Rayburn and McReynolds he would have bid only the amount of his own claims and the necessary costs and expenses of sale, but having elected to take the risk of including in his bid an amount sufficient to cover the claims of Rayburn and McReynolds and having used said claims in the payment of his bid, I do not see how he can escape responsibility for the full amount of his bid after this court has held the McReynolds claim for naught. His bid, so far as Dean is concerned, must be held to have been a cash bid. It was entirely proper for him to apply to its payment his claims and those of Rayburn and McReynolds, because at that time all of said claims were entitled to be regarded as valid, and the law did not require of him the useless process of paying in cash the amount of these liens, of which he had control, only to have it immediately returned to him by the sheriff. But his right to apply such claims in discharge of his bid presupposes the validity of each one of said claims, and if any one of them was held invalid, as was the case with the McReynolds claim, then upon such holding it became obligatory upon him to make good the amount thereof in cash to the next lien claimant, who, in this case, is Dean.

Moore claims that he received nothing from the sale and therefore ought not to be required to pay anything on account of the failure of the McReynolds claim. He received the property, whose title he now holds, and he paid for it in part with this invalid claim. If he can hold this prop-

erty and escape making good the loss of this claim of McReynolds, then he could hold it without making payment in cash, if, in addition to that of McReynolds, his own lien and that of Rayburn had failed, for there would still have been a valid sale so long as Dean's claim was held good. I think he would hardly go so far as that. If not, then his present contention must fail.

Speaking of Moore's lien the majority opinion says: ''If his lien had been declared invalid and had been credited against his bid, he would have received a credit to which he was not entitled and would have been liable to appellant Dean therefor.'' True. Then how can he escape liability for the amount of the invalid McReynolds lien after taking it over and using it as his own, obtaining credit for it against his bid as if it were his own? I can see no distinction to be properly drawn in this regard between his own lien and those that he used as his own and from which he obtained the same financial advantage as he did from his own. If he would be required to make good the loss in the one case he must also in the other.

Many authorities have been cited by counsel on both sides bearing upon the general question of restitution, but I have found only two cases that seem to be applicable to such a situation as is presented in this case. These are cited by the respondent Moore, but they clearly support the claim of appellant Dean. The first case is that of *Yndart v. Den,* 125 Cal. 85, 57 Pac. 761. This was a case of mortgage foreclosure in which the plaintiff at the foreclosure sale purchased the property for the full amount of his claim. On appeal the supreme court reduced the amount of the judgment by $470.19, and in passing on the question of restitution in that case the court said: ''Defendants lost no rights or property by the execution of the judgment before the right of appeal had expired, except in the single item of the excess of interest included in the judgment. Complete justice will be done defendants by repayment of this excess, to wit, $470.19.''

The other case is that of *Falk et al. v. Ferdheim Brewing Co.*, 67 Kan. 131, 72 Pac. 531.   This was an action in which the court decreed the foreclosure of two mortgages on the same property and the defendants succeeded in reversing the judgment as to the second mortgage.   The property was sold, however, before the reversal, and was bid in by the plaintiff at the aggregate amount due upon both mortgages.   On obtaining reversal as to the second mortgage defendants sought to have the sale set aside as void, but the court held that since the judgment foreclosing the first mortgage was valid, the defendants were not entitled to the relief sought, saying: "Under the circumstances of this case we see no reason for holding that the judgment defendants were entitled to have the sale set aside, much less ignored.   Even if the *supersedeas* bond had been given before the sale, the property could have been sold under the superior judgment, thereby cutting off all rights of defendants in the matter excepting the right to redeem under the statute by paying the amount of the first lien, and the right to receive the proceeds of the sale in excess of that amount.   These are the only rights that defendants lost or that were suspended by the erroneous judgment against them, and a complete restoration to these rights did not require the setting aside of the sale, but resulted from the mere reversal of the judgment."

Under the admitted facts in this case Dean is entitled to judgment against Moore for the sum of $998.67, with interest thereon from the fourth day of September, 1915, less such proportion of the costs and expenses of the sale as may be properly charged against the McReynolds claim.   To this extent the judgment of the trial court should be modified; in all other respects said judgment should be affirmed.