729 P.2d 438

STATE of Idaho, ex rel. Carl C. MOORE, Lloyd F. Barron and Roy I. Stroschein, Idaho Transportation Board, Plaintiffs-Respondents,

v.

Mary J. HOWELL and William E. Howell, husband and wife, Howell Marketing, Inc., a forfeited Idaho corporation and its trustee, William Howell, Alta Construction, Inc., a forfeited Idaho corporation and its trustee, Stephen W. Jones; John W. Kelly and Ruth E. Kelly, husband and wife, Defendants-Appellants,

and

Fearless Farris Wholesales, Inc., an Idaho corporation, Intervenor and Respondent.

No. 15978.

Court of Appeals of Idaho.

Dec. 4, 1986.

William E. Howell, pro se.

Robert L. Trabert, Leonard G. Hill (argued) and Patrick Fanning, Boise, for respondent Idaho Transp. Bd.

Merrily Munther, Boise, for respondent Fearless Farris Wholesales. (Brief only.)

BURNETT, Judge.

The dispositive issue in this appeal is whether failure to join allegedly indispensable parties to a lawsuit renders the eventual judgment void for lack of jurisdiction. We hold that it does not.

This issue is framed by a condemnation action. In 1982, the Idaho Transportation Department sought to purchase real property in Ada County as part of a highway improvement project. When negotiations failed, the state instituted condemnation proceedings against the property. William Howell, his wife, and a family business corporation were among the parties named as defendants. Howell had sold the property on a contract but presumably was named because of his potential reversionary interest. Representing himself in the suit, Howell asked the district court to dismiss the state's complaint on the ground that it failed to name various other parties whom Howell felt were indispensable. The court denied the request and entered a judgment of condemnation. The value of the property was fixed. All proceeds were distributed to Fearless Farris Wholesales, Inc., an intervenor and senior lienholder on the property. Howell appealed.

■ Although the state originally brought Howell into this case, it now argues—as it did in the district court—that Howell actually has no standing to make a jurisdictional challenge against the judgment. We disagree. As noted, Howell possessed a reversionary interest in the property under a sale contract. That potential interest was extinguished by the judgment of condemnation. If the judgment was entered without jurisdiction, Howell's interest was extinguished improperly. Idaho Appellate Rule 4 permits any "party aggrieved" to appeal a judgment. In *Roosma v. Moots,* 62 Idaho 450, 112

P.2d 1000 (1941), our Supreme Court defined a "party aggrieved" as any party injuriously affected by the judgment. We think this definition is embodied in I.A.R. 4. Accordingly, we hold that Howell has standing to raise a jurisdictional question on appeal. We now turn to that question.

Howell has contended that the district court lacked jurisdiction because various lienholders and other persons claiming "interests" in the property had not been joined as defendants. Some of the persons identified by Howell had no discernible connection with the property. They were not disclosed by a title report and Howell presented no evidence to show what their "interests" were. However, the state did acknowledge that several lienholders had not been named as defendants. The state chose instead to notify them of the litigation, giving them an opportunity to intervene. None except Fearless Farris did so.

■ Clearly the district court was not deprived of jurisdiction by the absence of those persons whose alleged "interests" in the property were never established by Howell. But the lienholders pose a more interesting question. Rule 19(a)(1), I.R. C.P., provides in pertinent part for compulsory joinder, if feasible, of any party who claims an interest and who is so situated that a judgment in his absence may "as a practical matter impair or impede his ability to protect that interest...." Idaho Code § 7-707(2) requires a condemnation complaint to name as defendants "all owners and *claimants of the property.*" (Emphasis added.) The rule is consistent with, but broader than, the statute. Although a lienholder does not have a claim of title to the land, he does have an interest in distribution of the condemnation award. *State Highway Commission v. District Court,* 160 Mont. 35, 499 P.2d 1228 (1972); *see generally* 27 AM.JUR.2d *Eminent Domain* § 256 (1966). In this respect the lienholder is an interested party. In some circumstances his absence may "as a practical matter impair or impede his ability to protect [his] interest" in the condemnation award. *Cf.* 27 AM.JUR.2d *Eminent Do-*

*main* § 391 (1966) (citing cases where mortgagees have been deemed indispensable parties).

■ However, in this case it does not appear that the interests of any lienholders have been impaired or impeded as a practical matter. The evidence shows, and Howell appears to concede, that the Fearless Farris lien subsumed the entire condemnation award. The residual interests of other lienholders were valueless. More fundamentally, even if another lienholder had possessed a genuine interest, his absence would not have been a jurisdictional defect. Rule 19(a)(1) is patterned after its federal counterpart. Failure to join an indispensable party under the federal rule is not jurisdictionally fatal; the court still has jurisdiction over the subject matter and over the parties then before it. Rather, the rule gives direction on how the court should exercise its jurisdiction. 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359 (1969). The court should decline to proceed in a case when indispensable parties are absent. A court may err if it proceeds; but errors of law do not render judgments void for lack of jurisdiction. *Brown's Tie & Lumber Co. v. Kirk,* 109 Idaho 589, 710 P.2d 18 (Ct.App.1985). As one federal court has explained:

> The indispensability question ... is not, nor has it ever been, jurisdictional, in the technical sense of the term.... The framers of the new Rule 19 ... specifically emphasize that the Rule calls for determining whether the court *ought* to proceed without the absent party, not whether it has jurisdiction to proceed against those who are present.

*Rippey v. Denver United States National Bank,* 42 F.R.D. 316, 318–319 (D.C.Colo. 1967) (emphasis original). We hold that the judgment in this case is not jurisdictionally defective.

Howell has raised additional challenges to the judgment, but he has furnished neither authority nor cogent argument on these points. We find them to be without merit. Accordingly, the judgment of the

district court is affirmed. Costs to respondent, Idaho Transportation Board. No attorney fees on appeal.

SWANSTROM, J., and HUNTLEY, J. Pro Tem., concur.