777 P.2d 1224

Bethea PARSONS, Robert Parsons, Sr., Petitioners–Plaintiffs,

and

Robert Parsons, Jr., Petitioner–Plaintiff–Appellant,

v.

Arnold T. BEEBE, James C. Herndon, Respondents–Respondents on Appeal,

and

Stout and Moss, Chartered, Federal Land Bank of Spokane, (a Claimed Agency of the Federal Government and a Claimed Federal Corp.), Federal Land Bank Association of Blackfoot, (a Claimed Agency of the Federal Government and a Claimed Federal Corp.), Defendants–Respondents on Appeal.

No. 17207.

Court of Appeals of Idaho.

July 6, 1989.

Petition for Review Denied Sept. 7, 1989.

Robert Parsons, Jr., pro se.

Jim Jones, Atty. Gen. by Priscilla Hayes Nielson, Deputy Atty. Gen., Boise, for respondents-respondents on appeal Beebe and Herndon.

Ron Kerl, Green, Service,. Gasser & Kerl, Pocatello, for defendants-respondents on appeal Federal Land Bank.

Before BURNETT, Acting C.J., SWANSTROM, J., and HART, J. Pro Tem.

PER CURIAM.

This is a companion case to *Federal Land Bank of Spokane v. Parsons*, 116 Idaho 545, 777 P.2d 1218 (Ct.App.1989) which we also have decided today. In this appeal, Parsons contends that the district court erred in (1) dismissing the common law writ of quo warranto, (2) dismissing the claim that there was a conspiracy among all defendants, and (3) failing to summon a grand jury to investigate Parsons' claims of criminal acts by all defendants. Additionally, Parsons maintains that the Attorney General has improperly defended two of the defendants, Judges Beebe and Herndon. We affirm the district court's judgment and award attorney fees to all defendants.

Parsons filed this lawsuit while the Federal Land Bank's mortgage foreclosure action (the companion case) was pending before Judge Herndon. In the complaint, which was titled "quo warranto," Parsons sought (1) to remove Judge Herndon from office, (2) to deprive former Judge Beebe of his judicial retirement benefits, and (3) to recover money damages from the other defendants. He also asked that a grand jury be summoned to investigate his claims of criminal acts by all defendants. Upon motions to dismiss filed by all defendants, a hearing was held. The district court then dismissed the complaint as to all claims. This appeal followed.

As a threshold matter, we note that the Federal Land Bank has questioned the standing of Robert Parsons, Jr. to pursue this appeal on behalf of his parents. A similar challenge was rejected in the companion case for reasons not applicable here. However, even if Parsons has no standing with respect to his parents, he does have standing in his own right, as one of the unsuccessful plaintiffs, to bring this appeal. Accordingly, we will address the appeal on its merits.

■ We now examine Parsons' arguments on appeal. As previously noted, Parsons' first ground for appeal is that the district court erred in dismissing his action in quo warranto. We disagree. At common law, the writ of quo warranto was initiated against any individual who claimed or usurped an office or franchise, to determine what authority, if any, supported that individual's claim or right to office. Storti and Bush, *Other Special Proceedings in State and Federal Appellate Courts*, IDAHO APPELLATE HANDBOOK § 14–18 (Idaho Law Foundation, Inc. 1985). In Idaho, this common law writ has been replaced by a statutory procedure. *See* I.C. § 6–602 (and its precursors). *See also State ex rel. Taylor v. Beneficial Protective Ass'n*, 60 Idaho 587, 595, 94 P.2d 787, 790 (1939).

Parsons asserts that I.C. § 6–602 does not apply to judges, and that the common law writ remains to fill in the gap. In this

argument, Parsons misses the significance of I.C. § 1–2103, which sets out the exclusive statutory procedure to remove a district judge. Because there exists a statutory mechanism for this purpose, there is no basis to invoke the superceded common law writ.

Parsons' second contention is that the district court erred in dismissing his claim of criminal conspiracy by all defendants. A criminal conspiracy requires an agreement to accomplish an unlawful act. "An agreement between two or more persons, to do or accomplish something which is in itself lawful and does not contemplate or employ any unlawful means ... is not actionable." *Kloppenburg v. Mays*, 60 Idaho 19, 27, 88 P.2d 513, 516 (1939). Parsons' complaint fails to allege any agreement among the judges, the bank and the law firm, nor an agreement to act unlawfully. He clearly feels wronged by the bank's decision to foreclose a mortgage on his family's farm, and by the judges' decisions in the mortgage litigation, but he has failed to state a claim of conspiracy.

Parsons next argues that the district court erred in failing to summon a grand jury. The decision to empanel a grand jury is discretionary. Idaho Criminal Rule 6 provides that a "district judge *may* order one or more grand juries to be summoned." (Emphasis added.) We will not reverse a district judge's exercise of discretionary authority absent a clear showing that such discretion has been abused. *Parsons v. Idaho State Tax Commission*, 110 Idaho 572, 576, 716 P.2d 1344, 1348 (Ct.App.1986). Because we have found no merit in Parsons' claim of criminal wrongdoing, we conclude that the district judge did not abuse his discretion.

Parsons' final argument is that the Attorney General has acted illegally by representing the judges in this action, because the Attorney General's function is to prosecute and not to defend. We are not persuaded. Among the duties of the Attorney General is to "prosecute *and defend* all causes to which the state or any officer thereof, in his official capacity, is a party...." I.C. § 67–1401 (emphasis added). Parsons' complaint alleged wrongdoing by Judges Beebe and Herndon because they had ruled against him or his parents in Federal Land Bank's suit to foreclose the mortgage. The judges were acting in their official capacities. We conclude that it was proper for the Attorney General to defend them in the present case.

All parties have requested attorney fees on appeal. Idaho Code § 12–121 provides that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties...." The statute is applicable to appeals. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Rule 54(e)(1), I.R.C.P., provides that attorney fees under I.C. § 12–121 may be awarded if the court "finds, from the facts presented to it, that the case was brought, pursued, or defended frivolously, unreasonably or without foundation...." We do find that this appeal was brought unreasonably and without foundation. We therefore award attorney fees on appeal to all respondents as against the appellant, Robert Parsons, Jr., in an amount to be determined as provided in I.A.R. 41(d).

The judgment of the district court is affirmed. Attorney fees and costs to respondents.