796 P.2d 533

The FEDERAL LAND BANK OF SPOKANE, Plaintiff–Counter-defendant–Respondent,

v.

Robert PARSONS, Jr., Bethea Parsons and Robert Parsons, Sr., Defendants–Countercomplainants–Appellants.

No. 17834.

Court of Appeals of Idaho.

July 26, 1990.

Petition for Review Denied Sept. 14, 1990.

Robert Parsons, Jr., Bethea Parsons, Robert Parsons, Sr., Blackfoot, appearing pro se. Robert Parsons, Jr. argued.

Green, Service, Gasser & Kerl, Pocatello, for plaintiff-counterdefendant-respondent. Ron Kerl argued.

SCHILLING, Judge, Pro Tem.

This appeal presents the question of whether the district court abused its discretion in issuing a writ of assistance for possession of property sold at a sheriff's sale on execution of a judgment. Finding no abuse of discretion, we affirm the order issuing the writ.

The writ of assistance arose in connection with the foreclosure of a mortgage on farmland. A judgment decreeing foreclosure of the mortgage and ordering sale of the property was entered in favor of the Federal Land Bank of Spokane, predecessor of the respondent, Farm Credit Bank of Spokane (hereinafter referred to as FCB), on August 5, 1987. The judgment followed a trial to the court without a jury. In a previous appeal, the foreclosure proceedings were upheld by this Court. *Federal Land Bank of Spokane v. Parsons*, 116 Idaho 545, 777 P.2d 1218 (Ct.App.1989) (review denied). In addition to the factual background stated in our previous opinion, the following events are relevant to the present appeal.

The judgment was duly entered in the docket book of the clerk of the district court for Bingham County on August 6, 1987. A writ of execution was issued and the subject property was sold to FCB upon its credit bid in the amount of $64,530. The sheriff of Bingham County issued a certificate of sale to FCB on October 21, 1987; the certificate was then filed with the Bingham County recorder. On October 24, 1988, the sheriff executed a sheriff's deed to FCB who recorded it in Bingham County, Idaho.

The appellants, Robert Parsons, Jr., Bethea Parsons, and Robert Parsons, Sr., were the defendants in the foreclosure action. They remained in possession of the premises after the foreclosure sale. On November 2, 1988, FCB filed its application for writ of assistance requesting the court to direct the sheriff of Bingham County to:

(1) eject and remove therefrom all and every person or persons holding or detaining the same, or any part thereof, against said Plaintiff;

(2) that the sheriff remove the personal property of each and every person or persons located upon said premises;

(3) that the Sheriff deliver to the Plaintiffs or its successors and assigns the possession of the land and premises above described, without delay; and

(4) that the Sheriff maintain, keep, and defend the Plaintiff's or its successors' possession of said premises according to the tenor and intent of the Decree and Orders of this Court.

A hearing on FCB's application for assistance was scheduled for November 9, 1988, at the hour of 1:30 p.m. and a notice of the hearing was mailed by FCB's attorney on November 1, 1988, to the three appellants. At the scheduled hearing, counsel for FCB was present but none of the appellants appeared. Following the hearing, the court

issued the writ. The writ was personally served upon Bethea Parsons on November 9, 1988; on Robert Parsons, Jr., on December 2, 1988; and on Robert Parsons, Sr., on December 2, 1988, by deputies of the Bingham County Sheriff's Office. The Parsons timely brought this appeal from the order granting the writ of assistance.

Throughout their brief, the appellants have stated many issues on appeal. Most of these issues were dealt with in the Court's previous opinion and only a few of the remaining issues need be addressed here.[1] The issues we will discuss may be summarized as follows. First, the appellants argue that the sheriff had no legal power to conduct the sale, or issue the certificate of sale and the foreclosure deed because the judgment decreeing foreclosure and ordering a sale was not "recorded" pursuant to I.C. § 10–1110. Next, appellants argue that the homestead declaration filed by Robert Parsons, Sr., and Bethea Parsons on December 28, 1982, is superior to any claim of FCB. The appellants also contend that they made a redemption following the sale of the property. In addition, the appellants argue that they were not given timely notice of the hearing on the application for the writ of assistance. Finally, the appellants maintain that issuance of the writ of assistance was an abuse of the district court's discretion.

I

■ Appellants cite *Messenger v. Burns*, 86 Idaho 26, 382 P.2d 913 (1963), as authority that no lien existed upon the property subject to execution because the judgment was not recorded. However, we do not believe that *Messenger* is on point. It did not involve a foreclosure action and therefore has no application to the instant case.

Furthermore, because the judgment of foreclosure was expressly affirmed by this Court on direct appeal from the judgment, we reject any arguments by the appellants challenging the entry of that judgment. *See Eagle Rock Corp. v. Idamont Hotel Co.*, 60 Idaho 639, 95 P.2d 838 (1939).

---

1. In passing, it should be noted that FCB has again urged the Court to find that Robert Parsons, Jr., is not an aggrieved party and has no standing to prosecute this appeal. This question was resolved in Parsons' favor in the previous appeal. 116 Idaho at 548, 777 P.2d at 1221. We will adhere to that determination in the present appeal.

As noted, this case arises from a mortgage foreclosure action. A mortgage is a lien upon everything that would pass by grant or conveyance of the property. I.C. § 45–906. Pursuant to I.C. § 6–101, et seq., a mortgagee must first seek payment of a mortgage debt from the mortgaged property. Only if there is a deficiency, will the mortgagee be allowed to pursue the other assets of the mortgage debtor. If a deficiency judgment is obtained in due course by the mortgagee pursuant to I.C. § 6–108, that deficiency judgment would be subject to the recording provisions of I.C. § 10–1110. In this way, the Idaho law protects property not subject to the mortgage unless the value of the mortgaged property is exhausted. Since the lien against the property existed by virtue of the recording of the mortgage, we hold that recording the "Judgment and Decree of Foreclosure and Order of Sale" with the county recorder was not required in order to proceed with the sheriff's sale, or issuance of the sheriff's certificate of sale and ultimately the sheriff's deed on foreclosure.

## II

■ We turn next to appellants' argument that their homestead declaration is superior to the judgment of foreclosure. In this regard, we note that the mortgage was recorded in 1979 prior to the homestead declaration in 1982. During those years, Idaho Code § 55–1005 provided:

The homestead is subject to the execution or forced sale in satisfaction of judgments obtained:

. . . . .

3. On debts secured by mortgages upon the premises, executed and acknowledged by the husband and wife, or by an unmarried claimant.

4. On debts secured by mortgages upon the premises, executed and recorded before the declaration of homestead was filed for record.[2]

Consequently, we hold that the homestead exemption was not superior to the mortgage which had been filed of record prior to the declaration of homestead.

## III

■ Appellants next argue that a legal tender of redemption was offered at the time of the sheriff's sale and that the sheriff has retained the written instrument of tender. The factual basis for this argument is difficult to glean from the record. Exhibit A to Respondent's Brief is a copy of a "FRACTIONAL RESERVE NOTE." This instrument is dated October 2, 1987, and contains the signature of Bethea Parsons.

Idaho Code § 6–101 provides that "... sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption as in the case of sales under execution ..." Title 11, Chapter 4 of the Idaho Code provides the procedure a redemptioner must follow. In part, Idaho Code § 11–403 provides:

Written notice of redemption must be given to the sheriff and a duplicate filed for record with the recorder of the county; and, if any taxes or assessments are paid by the redemptioner, or if he has or acquires any lien other than that upon which the redemption was made, notice thereof must in like manner be given to the sheriff and filed with the recorder, and if such notice be not filed, the property may be redeemed without paying such tax, assessment or lien.

There is nothing in the record to indicate that the notice of redemption required by section 11–403 was given to the sheriff or that a duplicate was filed with the county recorder in this case.

Even if these deficiencies were overlooked, appellants' argument must fail because there was nothing of value tendered. Idaho Code § 11–404 provides:

The payments mentioned in the last two (2) sections [I.C. §§ 11–402 and 11–403]

---

2. In 1984, this statute was amended to add "... deeds of trust" in subsections 3 and 4. 1984 Idaho Sess. Laws, ch. 53, § 1, p. 93. By another amendment in 1989, the descriptive phrase "or other consensual liens" was added to the same subsections. 1989 Idaho Sess. Laws, ch. 371, § 2, p. 933.

may be made to the purchaser or redemptioner, or for him, to the officer who made the sale, or to his successor in office. When the judgment under which the sale has been made is payable in a specified kind of money or currency, payments must be made in the same kind of money or currency, and a tender of the money is equivalent to payment.

Contrary to I.C. § 11–404, here the appellants made no tender "in the same kind of money or currency" provided for in the judgment. Appellants argue that their tender was in "quid pro quo." The meaning of that term as used by the appellants is not clear to the Court. Apparently, appellants tendered a "Fractional Reserve Note" which is ambiguous on its face and has no apparent value.

We conclude that no lawful redemption or tender of redemption was made by appellants.

### IV

Appellants argue that they were not given timely notice of the hearing on plaintiffs' application for the writ of assistance. The notice of hearing on FCB's application for writ of assistance was filed on November 2, 1988. A copy was served by mail on November 1, 1988. The hearing was set for 1:30 p.m. but actually commenced at 1:49 p.m. on November 9. On November 7, appellant Robert Parsons, Jr., filed a "Notice of Rescheduling Hearing" purporting to set a new hearing time and date for the hearing for 9:00 a.m. on November 28.

On November 7, a "Notice of Co–Existing Disabilities" was filed bearing the signature of Bethea Parsons essentially alleging disabilities "[b]ecause of the illegal incarceration of the above-named Defendant, which is the cause of other disabilities therefrom."[3] On that same day, a magistrate entered an order for Bethea Parsons' attendance at the hearing on the application for writ of assistance.

On November 9, appellant, Robert Parsons, Jr., filed "Items for Judicial Notice and Demand for Jury Trial." This document contained various assertions by the appellants which have been reiterated during briefing and argument in this appeal.

As previously mentioned, the hearing on FCB's application for the writ of assistance was held before the district court pursuant to the notice. None of the appellants appeared. Appellant Bethea Parsons, who was housed in the Bingham County jail, was given the opportunity to appear but she refused. At the conclusion of the hearing, the district court issued the writ of assistance.

■ The time frame here involved is controlled by the following civil rules:

I.R.C.P. Rule 6(d) provides:

For motions—Affidavits.—A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five (5) days before the time specified for the hearing....

I.R.C.P. Rule 6(e)(1) provides:

Additional time after service by mail.— Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period.

I.R.C.P. Rule 6(a) provides the method of time computation:

Time computation.—In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a holiday. When the period of time prescribed or allowed is less than seven (7) days, intermediate Saturdays, Sundays and holidays shall be excluded

---

**3.** Evidently, Mrs. Parsons was incarcerated at that time in the Bingham County jail.

in the computation. A half holiday shall be considered as other days and not as a holiday.

Since the necessary period for service in the present case was eight days, the intermediate weekend is to be counted in computing the necessary days for service. Therefore, service in the present case was made eight days prior to the hearing, and was in compliance with I.R.C.P. 6.

The present record clearly demonstrates that appellants suffered no prejudice by not having additional time to respond to FCB's application. At the hearing, the court had before it the appellants' "Items for Judicial Notice and Demand for Jury Trial." Appellants had the opportunity to brief and argue their opposition to the application, and appellants refused to appear at the hearing. We hold that the appellants have not established the loss of any substantial right with regard to the time frame involved. *See* I.R.C.P. 61.

### V

We now come to the critical issue of this appeal, that is, whether the district judge abused his discretion by issuing the writ of assistance. Ordinarily the relief sought by way of writ of assistance is addressed to the sound discretion of, and the issuance of the writ is largely discretionary with, the court. 7 C.J.S. *Assistance, Writ of* § 3 (1980). In dealing with the issuance of a writ of assistance, the Idaho Supreme Court has stated that the exercise of the power to grant the writ rests in the sound discretion of the court. *William v. Sherman*, 35 Idaho 169, 205 P. 259 (1922). Further guidance was provided by the Idaho Supreme Court in *Eagle Rock Corp. v. Idamont Hotel Co.*, 60 Idaho 639, 95 P.2d 838 (1939). There the Court said:

> The questions to be determined upon an application for a writ of assistance are set forth in 7 C.J.S. [Assistance, Writ of, § 13, page] 10, as follows: "Upon an application for a writ of assistance, no question determined by the original decree can be litigated nor can the original case be reviewed or the decree therein be modified. The legal or equitable title

will not be adjudicated. The sole question to be determined on the motion is whether applicant has a right, as against the party in possession to use the writ to obtain possession. In the absence of any claim of an independent paramount title, the only question on such application is whether the decree has or has not been complied with."

60 Idaho at 647–48, 95 P.2d at 841. *See also Curtis v. Campbell*, 105 Idaho 705, 672 P.2d 1035 (1983).

 Where a trial court exercises its discretionary powers, it will not be overturned absent a manifest abuse of discretion. The appellant bears the burden of establishing such abuse of discretion. *Southern Idaho Prod. Credit v. Astorquia*, 113 Idaho 526, 746 P.2d 985 (1987). It is clear from the record in this case that the trial judge carefully considered the premises and had a thorough understanding of the case prior to issuing the writ of assistance. The appellants have shown no error in the trial court's granting the writ of assistance and certainly have not shown a manifest abuse of discretion.

 FCB has requested this Court to award it costs on appeal together with a reasonable attorney fee. Idaho Code § 12–121 provides that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties ..." This statute applies to appeals. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979); *Parsons v. Beebe*, 116 Idaho 551, 553, 777 P.2d 1224, 1226 (Ct.App.1989). Rule 54(e)(1), I.R.C.P., provides that attorney fees under I.C. § 12–121 may be awarded if the court "finds, from the facts presented to it, that the case was brought, pursued, or defended frivolously, unreasonably or without foundation ..."

Although appellants have submitted voluminous briefing to this Court, much of this briefing deals with issues previously argued before this Court and the additional arguments are without merit or foundation. We find that this appeal was brought unreasonably and without foundation. Therefore, attorney fees on appeal are awarded

to respondent FCB and against the appellants Robert Parsons, Sr., Bethea Parsons, and Robert Parsons, Jr., in an amount to be determined as provided in I.A.R. 41(d).

The order of the district court, issuing the writ of assistance, is affirmed. Costs, and attorney fees on appeal, to respondent.

WALTERS, C.J., and SWANSTROM, J., concur.