963 P.2d 1178

**PRO INDIVISO, INC., Plaintiff–Respondent,**

v.

**MID–MILE HOLDING TRUST as nominee of A. Dean Bowles and Betty J. Bowles, his wife, and A. Dean Bowles and Betty J. Bowles, his wife, individually, Defendants–Appellants.**

No. 23731.

Supreme Court of Idaho, Boise, May 1998 Term.

Aug. 28, 1998.

A. Dean Bowles and Betty J. Bowles, Idaho Falls, pro se, Defendants-Appellants.

Alva A. Harris, Shelley, for Plaintiff-Respondent.

TROUT, Chief Justice.

This is an appeal from the district court's grant of partial summary judgment in favor of the plaintiff, Pro Indiviso, Inc. (Pro Indiviso), for a writ of assistance.

## I.

## BACKGROUND

A. Dean and Betty Bowles, by their own admission, owe money to the United States for failure to pay income taxes. In July 1993, Dean and Betty filed a deed in which they conveyed title to their real property to Mid–Mile Holding Trust (Mid–Mile). The deed does not state for whom the property is being held in trust and there is no trust document in the record. On March 1, 1994, the Internal Revenue Service (I.R.S.) filed a lien on the property for unpaid taxes. The lien named Mid–Mile as nominee of Dean and Betty Bowles. A tax sale was held in June 1995, at which Pro Indiviso purchased the property for $32,100. The I.R.S. issued Pro Indiviso a certificate of sale. After the period of redemption had expired, Pro Indiviso received a deed from the I.R.S. which it recorded on December 14, 1995.

On March 12, 1996, Pro Indiviso filed a verified complaint against Mid–Mile as nominee of Dean and Betty Bowles seeking ejectment, a writ of assistance and damages. Mid–Mile was never served, but Dean and Betty were served and Betty entered a general appearance by filing a "Motion to Dismiss Due to Fraud of Internal Revenue Service, etc." On April 5, 1996, Pro Indiviso filed a motion for a writ of assistance and scheduled a hearing on all pending motions. On April 24, Betty filed a motion to dismiss and a motion to set aside hearing, but did not schedule a hearing on either motion. On May 3, Pro Indiviso filed a motion to strike Betty's "Motion to Set Aside Due to Fraud of Internal Revenue Service, etc." and a notice of hearing for May 13. On May 10, Betty

filed an objection to appointment of magistrate.

A hearing was held on May 13, 1996. Counsel and a representative for Pro Indiviso attended. Neither Dean, Betty, Mid–Mile nor an attorney representing them attended the hearing. The judge dismissed the objection to appointment of magistrate since the matter was before a district court judge and denied Betty's other motions. The district court treated Pro Indiviso's motion for a writ of assistance as a motion for partial summary judgment. The court granted the motion holding that Pro Indiviso had submitted a verified complaint that it held a recorded deed to the property, and that Dean and Betty had produced no admissible evidence or affidavits to dispute this fact.

Following the hearing, Betty filed a "Judicial Notice of Objection to Hearing, etc.," two motions for summary judgment, and a motion to strike. Dean filed a motion to dismiss due to fraud (mistaken identity), a "Judicial Notice" (claiming the district court judge was a magistrate), and a motion for default judgment. Since no hearing had ever been scheduled and Pro Indiviso had never responded to any of the motions, the district court issued a memorandum decision and order on July 2, 1996. The court denied the objections to the hearing because Dean and Betty had produced no evidence why they could not have appeared. The motions for summary judgment were denied because they simply restated the previous "Motion to Dismiss Due to Fraud of Internal Revenue Service, etc." and contained no affidavits or admissible evidence. The motion to strike Pro Indiviso's motion to strike was denied as moot since Pro Indiviso's motion had previously been denied. The motion to strike because of mistaken identity was denied because there was no basis in law for granting the motion.[1] The court treated the "Judicial Notice" (objection to magistrate) as a motion for reconsideration and denied it because no new facts had been presented. The motion for a default judgment was dismissed because no affidavits, supporting briefs, or no-

---

1. The motion was based on the fact that in the complaint the defendant's names were spelled in all uppercase letters.

tice of hearing had been filed as required by I.R.C.P. 7(b)(3).

Dean and Betty continued to file motions including a "Request for Evidenciary [sic] Hearing" (Dean), a motion for reconsideration (Betty), a motion to dismiss based on lack of subject matter jurisdiction (Dean), a motion for default judgment (Betty), a renewed motion to dismiss and vacate the sale presented as an affidavit (Betty), and a renewed motion to dismiss due to I.R.S. fraud presented as an affidavit and memorandum of law (Dean). A hearing was held on the motions which was attended by Dean, Betty, and counsel for Pro Indiviso. In a memorandum decision and order, the court treated the request for an evidentiary hearing as a motion for reconsideration of the court's grant of the writ of assistance. The court noted that Dean and Betty had failed to present any evidence to create an issue of material fact either at the time of the original hearing or in their request for an evidentiary hearing. Pro Indiviso had a recorded deed which was prima facie evidence of the right to possess. Therefore, the court denied the request. For the same reasons, the court denied the motion for reconsideration. The court also denied the motion to dismiss for lack of subject matter jurisdiction holding that Idaho courts did have jurisdiction to determine right of possession and to issue a writ of assistance. The court denied the motion for a default judgment, ruling that the failure of Pro Indiviso to respond to Dean's earlier motion to dismiss for lack of subject matter jurisdiction did not require entry of a default judgment. Finally, the court denied the renewed motion to dismiss based on fraud. The court ruled that none of the cases cited applied to these facts and that if Dean and Betty wanted to attack the lien and sale they would have to do so through an administrative hearing or by filing suit against the I.R.S. in federal district court.

On August 7, 1996, Dean and Betty filed an amended notice of appeal to this Court which was dismissed because there was no final judgment in the action. On September 6, 1996, Dean and Betty filed an answer to the original complaint filed in March.

On January 13, 1997, a final pre-trial conference was held. No representative of Pro Indiviso attended the conference. Dean and Betty moved for dismissal under I.R.C.P. 16(i). The court dismissed, without prejudice, all of Pro Indiviso's remaining claims.

In the meantime, Dean and Betty had filed a motion to compel discovery, a motion to vacate trial date, a motion to dismiss, and a motion and affidavit for summary judgment. A hearing was held on January 28, 1997. On February 10, the court issued a memorandum decision and order in which it granted the motion to vacate the trial date and denied all of the other motions because, following the dismissal of Pro Indiviso's remaining claims, there were no claims pending before the court.

Dean and Betty then filed a motion to set aside the court's February 10 order on March 21. Pro Indiviso filed a motion to strike Dean and Betty's motion and requesting sanctions. Dean and Betty then filed a motion to strike Pro Indiviso's motion to strike. The two motions filed by Dean and Betty were filed in the name of Mid–Mile. Pro Indiviso noticed a hearing for April 1, but no one appeared. The court exercised its authority under I.R.C.P. 7(b)(3) to rule on the matter without a hearing and in a memorandum decision and order, the court treated the motion to set aside as a motion to reconsider. The court ruled the motion untimely because it was filed more than 14 days after the entry of the order. In addition, the court ruled that even if timely, the motion did not contain any facts or law that would cause the court to alter its earlier decision. The court granted Pro Indiviso's motion to strike the two motions submitted in the name of Mid–Mile because Mid–Mile was never served, never entered an appearance, never intervened, and the motions were not signed by any attorney representing Mid–Mile. The court, however, denied Pro Indiviso's request for sanctions.

Another notice of appeal was filed on March 24, 1997 which was conditionally dismissed due to lack of a final judgment. The district court then issued a final judgment on July 22, 1997 and this Court reinstated the appeal.

On appeal, Dean and Betty claim that the district court erred in granting partial summary judgment in favor of Pro Indiviso on its motion for a writ of assistance because (1) Pro Indiviso did not specifically identify in its complaint a statutory basis for bringing its action, (2) the I.R.S. did not follow its own regulations in conducting the sale, and (3) the district court failed to look behind the deed obtained by Pro Indiviso to determine its validity. Dean and Betty also claim the district court should have dismissed the action because Mid–Mile was not a party to the suit. Finally, Dean and Betty argue that Pro Indiviso did not have standing to bring an action for ejectment because it had not previously quieted title in the property.

## II.

## STANDARD OF REVIEW

When faced with an appeal from summary judgment, this Court must determine whether the pleadings, depositions, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. The non-moving party is to be given the benefit of all favorable inferences which reasonably might be drawn from the evidence, and all doubts are to be resolved against the moving party. The motion must be denied if the evidence is such that conflicting inferences may be drawn therefrom and if reasonable people might reach different conclusions.

*Farmers National Bank v. Shirey*, 126 Idaho 63, 67–68, 878 P.2d 762, 766–67 (1994) (citations omitted).

█ A trial court's grant of a writ of assistance is reviewed for abuse of discretion. *Williams v. Sherman*, 35 Idaho 169, 205 P. 259 (1922); *Federal Land Bank v. Parsons*, 118 Idaho 324, 796 P.2d 533 (Ct.App.1990).

## III.

## SUMMARY JUDGMENT

Dean and Betty argue that the court erred in considering Pro Indiviso's motion for a writ of assistance because Pro Indiviso had not identified a statutory basis for the ejectment and writ of assistance in the original complaint. Under I.R.C.P. 8(a)(1), Pro Indiviso's complaint only needed to contain "a concise statement of the facts constituting the cause of action and a demand for relief." *Clark v. Olsen*, 110 Idaho 323, 325, 715 P.2d 993, 995 (1986). The complaint clearly states that the relief sought is ejectment and a writ of assistance, so the only question is whether Pro Indiviso's complaint contained sufficient facts to constitute a cause of action. Since this is an appeal from a partial summary judgment, we must also examine whether there are genuine issues as to any material fact and whether Pro Indiviso is entitled to a judgment as a matter of law.[2]

█ In an action for ejectment, the plaintiff must allege and prove (1) ownership, (2) possession by the defendants, and (3) refusal of the defendants to surrender possession. *Petty v. Petty*, 70 Idaho 473, 223 P.2d 158 (1950). In this case, Pro Indiviso presented a deed from the I.R.S. granting title to Pro Indiviso. A deed given as the result of a tax sale is prima facie evidence of the facts stated in the deed. 26 U.S.C. § 6339(b)(1). It was uncontroverted that the redemption period had passed and that Pro Indiviso had received a deed which it properly recorded. "If no redemption is made the value of the use and occupation must follow the holder of legal title, namely, the purchaser." *Caldwell v. Thiessen*, 60 Idaho 515, 519, 92 P.2d 1047, 1048 (1939). Pro Indiviso presented evidence of ownership in the form of a recorded deed. There was no admissible evidence presented to contradict the validity of the deed or the claim that Dean and Betty

---

**2.** As noted earlier, Pro Indiviso never filed a motion for summary judgment, as such, but only filed a motion for a writ of assistance which the trial court then treated as a motion for summary judgment under I.R.C.P. 56. On appeal, Dean and Betty have only challenged the basis for the grant of partial summary judgment and not the

procedure used. Because the issue has not been raised by the parties, we will not address the propriety of the procedure used by the trial court. *The Highlands, Inc. v. Hosac*, 130 Idaho 67, 936 P.2d 1309 (1997); *MacLeod v. Reed*, 126 Idaho 669, 889 P.2d 103 (Ct.App.1995).

were in possession of the property adversely to Pro Indiviso's interest. Pro Indiviso, therefore, pleaded and proved a case for ejectment.

■ "A writ of assistance is a form of process issued by a court of equity to transfer the possession of property, and more specifically lands, the title or right to which it has previously adjudicated. . . ." *Eagle Rock Corp. v. Idamont Hotel Co.,* 60 Idaho 639, 647, 95 P.2d 838, 841 (1939).

The sole question to be determined on the motion is whether applicant has a right, as against the party in possession to use the writ to obtain possession. In the absence of any claim of an independent paramount title, the only question on such application is whether the decree has or has not been complied with.

*Id.* at 648, 95 P.2d at 841.

The district court had determined that Pro Indiviso was the owner of the property by the deed received from the I.R.S. It was not contested that Dean and Betty were in possession of the property and that their possession was adverse to Pro Indiviso. The fact that neither Dean nor Betty appeared at the hearing on the motion for a writ of assistance did not prevent the court from reaching a decision on the motion. *Federal Land Bank v. Parsons,* 118 Idaho 324, 796 P.2d 533 (Ct.App.1990). Therefore the district court properly granted the motion for a writ of assistance.

■ Dean and Betty claim the district court should have invalidated the sale because the I.R.S. did not follow the proper procedures in conducting the sale. This argument is doomed by Dean and Betty's claim that Mid–Mile is the owner of the property. Since Dean and Betty claim not to have any ownership interest in the property, they cannot show any individualized injury. A generalized interest in seeing that the government follows the law or its regulations is insufficient to confer standing absent some particularized harm to the party. *Student Loan Fund of Idaho, Inc. v. Payette County,* 125 Idaho 824, 828, 875 P.2d 236, 240 (Ct.App. 1994). Since Dean and Betty have no interest in the property, they cannot claim any

individualized harm and so have no standing to challenge the sale on the basis that the I.R.S. did not follow its own regulations.

Dean and Betty also claim the district court should have looked behind Pro Indiviso's deed to determine its validity. This argument likewise fails due to Dean and Betty's claim that they have no ownership interest in the property. Since Dean and Betty claim no ownership interest, they have no standing to challenge the validity of Pro Indiviso's deed.

■ Next Dean and Betty argue that the district court should have dismissed the action because Mid–Mile, as owner of the property, was not a party to the suit. Had this been a quiet title action, this argument would have merit. As it is, however, the district court only determined the right of Dean and Betty to possess the property as against Pro Indiviso. The district court specifically refused to determine the rights, if any, of Mid–Mile. It is not necessary that all persons with an interest in the subject matter of the suit be joined as parties, but only those who have an interest in the object of the suit. *Idaho Irrigation Co. v. Dill,* 25 Idaho 711, 716, 139 P. 714, 716 (1914); *see also State ex rel. Moore v. Howell,* 111 Idaho 963, 729 P.2d 438 (Ct.App.1986). In this case, the rights of Dean and Betty against Pro Indiviso could be determined independent of Mid–Mile's rights. Thus, Mid–Mile was not indispensable and so dismissal was not required.

■ Finally, Dean and Betty argue that because Pro Indiviso did not bring a quiet title action it had no standing to bring a suit for ejectment. To satisfy the standing requirement, litigants must allege an injury in fact and a substantial likelihood that judicial relief will redress the alleged injury. *Miles v. Idaho Power,* 116 Idaho 635, 778 P.2d 757 (1989). Standing does not require that the party prove their case before the commencement of trial. Here, Pro Indiviso alleged that it had a deed giving Pro Indiviso title to the property in question and that Dean and Betty were in possession of the property adversely to Pro Indiviso's interest. Thus, it alleged an injury in fact, and because

successful prosecution of an action for ejectment and a writ of assistance would redress the injury, Pro Indiviso met the requirements of standing. To require every land owner who wants to eject someone from their property to first prove ownership through a quiet title action would be unreasonable and go beyond the requirements of standing.

## IV.

## ATTORNEY FEES

Pro Indiviso has requested attorney fees under I.A.R. 41 and I.C. § 12–121. An award of attorney fees is appropriate when the appeal is frivolous, unreasonable or without foundation. *Keller v. Rogstad,* 112 Idaho 484, 733 P.2d 705 (1987). Here Dean and Betty have raised the same issues and arguments which were raised before the district court. Most of their motions are incomprehensible and lack any basis in law. The repeated filing of these motions, and the arguments in support on appeal, are frivolous and unreasonable and justify an award of fees under I.C. § 12–121.

## V.

## CONCLUSION

The district court's grant of the writ of assistance is hereby affirmed. Costs and fees on appeal are awarded to the respondent.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.