985 P.2d 1145

### SCONA, INC., an Idaho corporation, Plaintiff–Respondent,

v.

### GREEN WILLOW TRUST as nominee of J.D. Ritchie, and Jabez Dean Ritchie and Reva Elaine Ritchie, husband and wife, Defendants–Appellants.

### No. 24811.

Supreme Court of Idaho,
Idaho Falls, May 1999 Term.

Aug. 31, 1999.

J.D. and R. Elaine Ritchie, Iona, pro se appellants.

Alva A. Harris, Shelley, for respondent.

KIDWELL, Justice.

This appeal is from the district court's grant of summary judgment in an action for ejectment and quiet title. The respondent bought a parcel of real property, previously owned by the appellants, at an Internal Revenue Service (I.R.S.) tax sale. When the appellant debtors refused to vacate the premises, respondent brought suit in the district court.

## I.

### FACTS AND PROCEDURAL HISTORY

In 1992, appellants Jabez Dean and Reva Elaine Ritchie (the Ritchies) transferred by deed their real property to the Green Willow Trust. While the trust documentation itself was never placed in evidence, the Ritchies have asserted in their pleadings that the trust was set up for the benefit of the Ritchies and their children. On April 14, 1997, the property was sold at an I.R.S. tax sale to satisfy unpaid taxes. The I.R.S. listed the taxpayer as "Green Willow Trust as nominee of J.D. Ritchie." The property was sold to Scona Incorporated (Scona) for $56,000. On April 24, 1997, Scona received a certificate of sale by the I.R.S.

On May 14, 1997, Scona filed a verified complaint for ejectment to obtain possession of the property, a request for a writ of assistance and for damages. The Ritchies, acting pro se, responded by filing a motion to disqualify the district judge. The judge was disqualified and the matter was assigned to the Honorable Ted V. Wood.

The Ritchies filed an answer on June 9, 1997, in which they asserted several affirmative defenses. Chief among these defenses was that Scona had forfeited its corporate standing for failing to file an annual report with the State of Idaho. The Ritchies also

claimed that Alva A. Harris, the corporate counsel for Scona, had committed fraud by filing a verified complaint on behalf of an unlicensed corporation which, due to its unlicensed status, lacked standing to bring the suit.

The Ritchies then filed various motions objecting to Scona's request for discovery and subpoena duces tecum. On June 24, 1997, Alva A. Harris filed an affidavit of compliance to inform the district court that he had filed the necessary documents with the Secretary of State and that as of June 23, 1997, Scona's corporate license had been reinstated. On June 24, 1997, the Ritchies failed to appear for the hearing set for their motions. Consequently, their motions were denied.

A second hearing was set for July 31, 1997 to hear the Ritchies' motion to dismiss and Scona's motion for summary judgment. On July 22, 1997, the Ritchies filed an amended answer. However, because the answer was not timely filed, it was not considered at the hearing.

On September 12, 1997, the court issued a memorandum decision. The court held that although Scona had forfeited its corporate status on December 2, 1996, it had remedied the situation on June 23, 1997, and had the authority to buy property and maintain the action against the Ritchies. While the district court found the issue was one of first impression in Idaho, it concluded that Scona should be allowed to maintain the suit. The district court also ruled that the Ritchies had waived their objection to Scona's lack of capacity when they failed to appear for their motions.

Additionally, the district court ruled that Scona's motion for summary judgment was premature because Scona was only in possession of the certificate of sale and not a deed to the property. The deed could not be issued by the I.R.S. until the time of redemption (180 days from date of sale) had expired.

On November 5, 1997, Scona filed a motion for leave to amend its complaint, informing the district court that it had received the deed to the property from the I.R.S. On November 12, 1997, the Ritchies filed a motion in opposition to the amended complaint, a motion for sanctions against Scona and a motion to dismiss. These motions again asserted Scona's lack of capacity to purchase the property or maintain the suit, in addition to claiming $1,500 in costs and expenses.

The court granted Scona's leave to amend on November 19, 1997, and Scona filed its amended complaint on December 4, 1997. On January 2, 1998, Scona filed a notice of its intent to take judgment by default because the Ritchies had failed to file an answer to its amended complaint. The court granted the Ritchies ten days to file an amended answer because the Ritchies had filed the answer prematurely on November 12, 1997, in anticipation of Scona's amended complaint. On January 8, 1998, the Ritchies filed their answer to Scona's amended complaint.

On January 13, 1998, the Ritchies filed a motion for default judgment, claiming that Scona had failed to respond to their cross-claim. On February 5, 1998, the district court heard and denied the Ritchies' motion for default. The court entered a minute entry that the Ritchies' motion was fatally flawed and that the flaws must be remedied prior to the court's hearing of the motion.

On February 6, 1998, Scona filed an affidavit of service of process and a notice of service of discovery request, having learned that Lonnie Crockett and Phillip Anderson were the trustees for the Green Willow Trust. On February 24, 1998, Alva Harris filed an affidavit for entry of default. In the affidavit, Mr. Harris asserted that the trustees of the Green Willow Trust, after having been served, had failed to plead or defend the action.

On April 3, 1998, Scona again moved the district court for partial summary judgment. This time Scona sought summary judgment on the issue of ejectment and quiet title and on the issue of the writ of assistance. The writ of assistance requested the court's help in placing Scona in possession of the property should Scona be found to be entitled to possession. On April 22, 1998, the Ritchies filed a motion in opposition to Scona's motion for summary judgment and a motion to dismiss.

On June 11, 1998, the district court entered its second memorandum decision. It held that Scona was entitled to possession because the deed from the I.R.S. was prima facie evidence of Scona's title to the property and the Ritchies had failed to offer any evidence to rebut the presumption. The court concluded that Scona's title to the property should be quieted as against any interest the Ritchies claimed in the property.

The district court also dismissed the Ritchies' claim that the I.R.S. sale was illegal since the Ritchies had failed to offer any evidence to support their claim. After the court explained the difference between a writ of assistance and a writ of ejectment, it ruled that Scona was entitled to a writ of ejectment.

On July 1, 1998, the Ritchies entered their notice of appeal. However due to procedural defects in the notice, they filed an amended notice of appeal on July 24, 1998.

On June 24, 1998, Scona moved the district court for a writ of assistance to assist it in gaining possession of the property. The court granted the motion and issued a writ of assistance on August 11, 1998, directing the sheriff to remove the Ritchies from their home.

## II.

### STANDARD OF REVIEW

■ On appeal from the grant of a motion for summary judgment, this Court employs the same standard as that properly used by the district court originally ruling on the motion. *McKay v. Owens*, 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997). On review, summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). This Court liberally construes all dis-

puted facts in favor of the non-moving party, and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Id.* However, if the evidence reveals no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law, the trial court should grant the motion for summary judgment. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994).

## III.

### ANALYSIS

**A. The Ritchies Lack Standing to Raise the Issue of Whether Scona, While in Default, Had Capacity to Purchase Property and Initiate a Lawsuit When It Had Remedied Its Default Prior to the Conclusion of the Suit.[1]**

The Ritchies argue that since Scona was in forfeiture when it purchased the property from the I.R.S., the sale was void. The Ritchies further argue that finding the sale to be void deprives Scona of standing to bring or maintain suit against them or the trust.

■ On July 1, 1997, the new Idaho Business Corporation Act took effect. Section 30–1–1422(3) provides that "[w]hen the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." *Id.*

■ Scona urges this Court to apply the new act retroactively since the case was still pending at the time the new act became

---

1. It is unfortunate that this matter is before this Court. It appears that the Ritchies, by representing themselves, have perhaps done themselves a disservice. The concept that pervades this case and others is that one can avoid tax liability or responsibility by creating a legal entity such as a

trust or corporation and then transferring assets or property to the entity. Sadly, those who advocate such a simplistic solution are not aware of the oftentimes very severe consequences. Here this Court must deal with the actual record and apply the law accordingly.

effective. However, this Court has repeatedly held that newly enacted statutes should only be applied retroactively if the legislature specifically so states. *State v. O'Neill*, 118 Idaho 244, 247, 796 P.2d 121, 124 (1990). Since there has been no showing of legislative intent to apply this statute retroactively, we will decide the issue under the Idaho Business Corporation Act which was in effect at the time of the purchase of the property and initiation of the lawsuit.

Relevant to this determination is I.C. § 30–1–134, which states:

Each corporation which fails to file its annual report on or before November 1 of the year for which it is required shall forfeit its corporate powers if a domestic corporation.... The forfeiture shall occur on December 1 of the same year.

*Id.*

While a corporation is in forfeiture it is unlawful for the "corporation to exercise its corporate powers or to transact any business in this state." I.C. § 30–1–135. However, the forfeiture can be cured by filing an annual report and paying a penalty. I.C. § 30–1–137. When the forfeiture has been remedied the corporation is reinstated and "[f]rom and after the granting of the reinstatement, the corporation's powers and authority to do business shall be restored." I.C. § 30–1–137(b)(1).

It is undisputed that Scona Inc. forfeited its standing as a corporation on December 2, 1996. This forfeiture resulted from Scona's failure to file an annual report prior to November 1, 1996. However, it is also undisputed that Scona remedied the problem and was reinstated to corporation status on June 23, 1997. During the interim time, Scona purchased the property and initiated this suit against the Ritchies.

■ The issue of whether a corporation may purchase real property and initiate a law suit while in forfeiture and then continue to prosecute its claim after it reinstates its corporate status is one of first impression in Idaho. The district court found that, since the forfeiture provision was punitive in nature, and since Scona had already remedied the forfeiture, that Scona should not be precluded from maintaining the action against the Ritchies. We decline to reach this issue, however, because the Ritchies had no standing to raise it.

At the time of the purchase, the Idaho Business Corporations Act contained a provision which limited those who could challenge the actions of a corporation:

No act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer, but such lack of capacity or power may be asserted:

(a) In a proceeding by a shareholder....

(b) In a proceeding by the corporation....

(c) In a proceeding by the Attorney General....

I.C. § 30–1–7 & (a)—(c) (repealed July 1997).

Thus, as to the issue of Scona's capacity to purchase the property from the I.R.S., the Ritchies because they do not qualify under any of the categories, do not have standing under the statute to contest Scona's capacity. Therefore, this Court need not resolve the issue of Scona's capacity.

**B. The Ritchies Do Not Have Standing to Challenge the Sale of the Property When They Are Not Trustees and Do Not Claim Any Interest in the Trust.**

■ Most, if not all, of the Ritchies' claims relate to the purchase of the property by Scona from the I.R.S. sale. However, since the Ritchies claim no interest in the property, this Court holds that the Ritchies do not have standing to challenge the sale. During oral argument, the Ritchies specifically disclaimed any interest or ownership in the property. This, and the similar position of the Ritchies' brief, gives this Court no alternative but to conclude that whoever might have standing in this matter was unaware or chose to remain silent.

When an issue of standing is raised, the focus is not on the merits of the issues raised, but upon the party who is seeking the relief. *See Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). Under the Idaho Rules of Civil Procedure, actions can only "be prosecuted in the name of a real party in interest." I.R.C.P. 17(a). This Court has ruled that a real party in interest "is the person who will be entitled to the benefits of the action if successful." *Carrington v. Crandall*, 63 Idaho 651, 658, 124 P.2d 914, 917 (1942).

Scona points to a case involving a similar fact pattern, *Pro Indiviso, Inc. v. Mid–Mile Holding*, 131 Idaho 741, 963 P.2d 1178 (1998). In *Pro Indiviso*, the tax protestors had similarly transferred their interest in their property to a trust to be held for their benefit. *Id.* at 743, 963 P.2d at 1180. There, as in this case, the protestors claimed no interest in the trust, nor in the property held in the trust. *Id.* at 746, 963 P.2d at 1183.

In *Pro Indiviso*, the Court held that since the protestors claimed no interest in the trust or in the property, the protestors had no standing to challenge the I.R.S.'s sale of the property. *Id.* Following this rationale, this Court holds that the Ritchies lack standing to challenge the issues they have raised regarding the trust or the trust property.

**C. The Ritchies Failed to Provide Any Evidence That The I.R.S. Sale to Scona Violated I.R.S. Protocol.**

The Ritchies have asserted that in the sale of the property to Scona by the I.R.S., the I.R.S. violated its own internal regulations and thus the sale should be held void. While we have already concluded that the Ritchies lack standing to raise any issues concerning the sale of the property, we point out that the sale was presumptively valid.

As the district court correctly pointed out, the deed from the I.R.S. is "prima facie evidence of the facts therein stated." 26 U.S.C. § 6339(b)(1); *Pro Indiviso*, 131 Idaho at 745, 963 P.2d at 1182. Since the Ritchies have not provided any evidence to rebut the legality of the I.R.S. sale, the sale must be taken as valid and enforceable.

## IV.

## CONCLUSION

The Ritchies have no standing to appeal the judgment of the district court because they are not trustees of the Green Willow Trust, nor do they claim any interest in the trust. Additionally, since the Ritchies do not have standing under the then-existing Business Corporations Act statute, we will not consider the issue of Scona's capacity. The judgment of the district court is affirmed. No attorney fees are awarded—costs to respondent.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS concur.